FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 01 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM E. BRYANT and ADELE KINNEY                                          PLAINTIFFS

VS.

FAULKNER COUNTY, ARKANSAS
A Public Body Politic, ANDY SHOCK, In
His Official Capacity as Sheriff of
Faulkner County, Arkansas, EVERETT YOUNG,
EY YOUNG, JOHN FOWLKES, JOE FLACK,                   4:14cv0458-JM
MICHAEL WILKINS, JAMES CASTEEL,
and BRIAN KESSLER, In their Individual
and Official Capacities as Deputies of
FAULKNER COUNTY, ARKANSAS                                                   DEFENDANTS

## COMPLAINT

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

### Introduction

This is a cause of action seeking to redress the constitutional deprivations sustained by the plaintiffs **William E. Bryant** and **Adele Kinney**, which occurred on August 3, 2011, in Faulkner County, Arkansas. This cause of action seeks to recover damages suffered by the plaintiffs due to being subjected to an unreasonable search of their home and an unreasonable seizure of their persons, deprivation of their rights of liberty without due process of law while being subjected to an unlawful search and seizure, in violation of their rights as secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C.S. § 1983. This is also an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights and other relations between the parties and for damages and injunctive relief on behalf of the plaintiffs against the defendants as specified more fully below.

1

## I.

### Jurisdiction

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.S. § 1343 and 28 U.S.C.S. § 1367 (supplemental jurisdiction). Relief is pursuant to 42 U.S.C.S. § 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## II.

### Parties

2. The plaintiff William E. Bryant, is a resident of Faulkner County, Arkansas.

3. The plaintiff Adele Kinney is also a resident of Faulkner County, Arkansas.

4. The defendant Faulkner County, Arkansas is a public body politic organized under the laws of Arkansas. The county operates a sheriff's department for the purpose of protecting its residents and to help maintain law and order.

5. The defendant Andy Shock, is the duly elected sheriff of Faulkner County, Arkansas, and is charged with the responsibility of training its deputies, and has the overall executive responsibility of the Faulkner County Detention Facility.

6. Defendant Everett Young, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Young is being sued in his individual and official capacity as deputy sheriff.

7. Defendant Ey Young, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Young is being sued in

his individual and official capacity as deputy sheriff.

8. Defendant John Fowlkes, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Fowlkes is being sued in his individual and official capacity as deputy sheriff.

9. Defendant Joe Flack, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Flack is being sued in his individual and official capacity as deputy sheriff.

10. Defendant Michael Wilkins, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Wilkins is being sued in his individual and official capacity as deputy sheriff.

11. Defendant James Casteel, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Casteel is being sued in his individual and official capacity as deputy sheriff.

12. Defendant Brian Kessler, at all times mentioned herein, was employed with the Faulkner County Sheriff's Department, as a deputy sheriff, and at all relevant times herein mentioned was acting within the scope of his employment and under color of law. Deputy Kessler is being sued in his individual and official capacity as deputy sheriff.

## III.

## Factual Allegations

13.     On August 3, 2011, at approximately 2:45 a.m., the plaintiffs William E. Bryant and Adele Kinney, were at their home located at 4 Sunny Gap Road, in Faulkner County, Arkansas.

14.     The plaintiffs heard a loud knocking on the door, and Ms. Kinney went to the door to see who it was.

15.     When Ms. Kinney opened the door, a deputy believed to be Deputy Everett Young, ask Ms. Kinney if she was Britney Pope, to which Ms. Kinney replied "no."

16.     Deputy Everett Young then pointed at William Bryant and asked if he were Jamie Ballew, to which Mr. Bryant responded by saying "no."

17.     Deputy Young then demanded to see the identification of Mr. Bryant, to which he complied by showing him his identification.

18.     Deputy Young then asked if the deputies could come in and search the premises, to which Ms. Kinney stated "no," because they did not know either Britney Pope or Jamie Ballew[1].

19.     Deputy Young then called Ms. Kinney a liar, and told her that she would be arrested for harboring a fugitive and obstructing justice.

20.     Ms. Kinney stated again that she did not know any of the individuals they were looking for, and that she was not lying.

21.     A second deputy then stated that he had taken a statement from Mr. Ballew back in March 2011 on these same premises, and that Mr. Ballew had given his address as 4 Sunny Gap

---

[1] On March 3, 2011, att approximately 2:13 a.m.., a person by the name of Frankie Drennan reported to the Conway Police Department that she and her roommate had been robbed by James "Jamie" Ballew and Brittney Pope. Upon information and belief, the report later turned out to be false.

Road.

22. The deputies again demanded to come in and search the premises, and Ms. Kinney and Mr. Bryant again stated "no," insisting that they did not know the individuals that the deputies were looking for, and that they had lived there for eight (8) years.

23. The deputies then threaten both Kinney and Bryant with arrest, if they did not allow them access to search the premises.

24. Mr. Bryant finally relented and told the officers that they could walk through the house, in order to see that noone else was present.

25. Mr. Bryant was then grabbed and thrown on the couch, and told to "shut up." The deputies started accusing Mr. Bryant that he was James "Jamie" Ballew, and that Mr. Bryant was lying, despite him giving the deputies his identification.

26. The deputies then begin to search the house, by going through drawers, cabinets, throwing things around.

27. The deputies then saw an unopened beer can sitting on the table, and they asked me who the beer was for, and had I been drinking?

28. Mr. Bryant told the deputies that the beer was his, and that he had not been drinking.

29. The deputies then demand that I submit to a breathalyser.

30. When Mr. Bryant refused, the deputies threaten him with arrest for refusal.

31. The deputies were accusing Mr. Bryant of being a liar, stating that he was Mr. Ballew.

32. When the deputies threaten to arrest Mr. Bryant for refusal, he consented, and blew into the portable breath test.

33. The deputies accused Mr. Bryant of not blowing hard enough and that he would be

arrested, but Mr. Bryant insisted that he was trying.

34. Another deputy was instructed a deputy to go and get the zip ties and taser.

35. The deputy forced Mr. Bryant to blow several mores times, constantly threatening him with being arrested.

36. The deputies then received a radio call, and they left, without saying anything else.

## IV.

### Deprivation of Civil Rights

37. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 of this complaint.

38. Plaintiffs William Bryant and Adele Kinney were subjected to an unreasonable seizure in violation of their rights as secured by the Fourth Amendment to the United States Constitution.

39. Furthermore, plaintiffs was denied their liberty, in that they were subjected to an unreasonable seizure, without due process of law, in violation of their rights as guaranteed by the Fifth Amendment to the United States Constitution.

40. At all times herein mentioned, deputies Everett Young, Ey Young, John Fowlkes, Joe Flack, Michael Wilkins, James Casteel, and Brian Kessler, were acting under color of law. Said deputies knew or should have known that their actions were in clear violation of the plaintiffs' constitutional rights, which makes this cause of action enforceable pursuant to 42 U.S.C. § 1983, and would render the defense of qualified immunity inapplicable.

41. Upon information and belief, the reason why the plaintiffs were deprived of their constitutional rights was caused in part by Faulkner County's failure to adequately train deputies

Everett Young, Ey Young, John Fowlkes, Joe Flack, Michael Wilkins, James Casteel, and Brian Kessler, and such inadequate training amounts to deliberate indifference to the rights of persons the Faulkner County Sheriff's Department and specifically the defendant deputies, come in contact with.

## V.

## Damages

42. As a direct and proximate cause of the constitutional deprivations that the plaintiffs experienced, due to the conduct of the defendants, the plaintiff experienced pain and suffering, as well as humiliation, in an amount to be proven at trial.

43. Plaintiffs William Bryant and Adele Kinney damages were proximately caused by them being deprived of their civil rights. As a direct and proximate cause of the defendants' conduct, the plaintiffs suffered emotional distress due to having their constitutional rights violated by the defendants.

44. The actions of the above named defendants, as described herein, evidenced an evil motive and an intent to deny the plaintiffs of their civil rights, making the assessment of punitive damages warranted.

### Jury Demand

45. The plaintiffs request that this matter be tried by a fair and impartial jury consisting of twelve (12) persons.

THEREFORE, plaintiffs request the Court to grant them the following relief jointly and severally, against the defendants:

a. a declaration that the defendants, through their actions, have caused the plaintiff to be deprived of his constitutional rights

    b.      injunctive relief;

    c.      compensatory damages;

    d.      punitive damages;

    e.      attorneys fees pursuant to 42 U.S.C. §1988; and

    f.      such further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

PORTER LAW FIRM  
The Tower Building  
323 Center Street, Suite 1035  
Little Rock, Arkansas 72201  
Telephone: 1-501-244-8200  
Facsimile: 1-501-372-5567  
E-mail: Aporte5640@aol.com

By: _____  
Austin Porter Jr., #86145

Date: August 1, 2014